# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BYRON L. BAKER, SR.,**

    Petitioner,

    v.                               Case No. 16-CV-1009

**PAUL KEMPER,**

    Respondent.

---

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Byron L. Baker, Sr., a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Baker was convicted of one count of causing great bodily harm while operating a motor vehicle with a detectable amount of a controlled substance and one count of knowingly operating while suspended causing great bodily harm. (Habeas Pet. at 2, Docket # 1.) Baker was sentenced to ten years, consisting of five years of initial confinement followed by five years of extended supervision. (*Id.*) Baker alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

Baker challenges his judgment of conviction for one count of causing great bodily harm while operating a motor vehicle with a detectable amount of a controlled substance and one count of knowingly operating while suspended causing great bodily harm in Kenosha County Circuit Court. (Answer to Habeas Petition ("Answer"), Docket # 9-1 at 1–3.) The conviction stems from an incident in June 2012 where Baker was driving with a

suspended license and crashed into another vehicle. (*State v. Baker*, 2014AP1892 (Wis. Ct. App. Apr. 8, 2015), Answer, Docket # 9-5 at 2.) The passengers in the other vehicle, two young boys, sustained serious injuries. (*Id.*) One child had glass in his eye and needed stitches for lacerations on his head. (*Id.*) The other child was knocked unconscious and suffered two skull fractures and a severe laceration to his head. (*Id.*) While investigating the scene, police found a marijuana pipe in Baker's car. (*Id.*) A test later revealed a small, but detectable, amount of marijuana in Baker's blood. (*Id.*) Baker entered a no contest plea to the charge of causing great bodily harm while operating a motor vehicle with a detectable amount of a controlled substance and entered a guilty plea to the charge of knowingly operating while suspended causing great bodily harm. (Docket # 1 at 2.)

Baker's appellate counsel filed a no-merit report pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Wis. Stat. § 809.32. (Answer, Docket # 9-2.) Baker filed a response to the no-merit report. (Answer, Docket # 9-3.) His attorney filed a supplemental no-merit report. (Answer, Docket # 9-4.) After conducting an independent review of the record and reviewing counsel's and Baker's submissions, the Wisconsin Court of Appeals found that there were no issues of arguable merit for appeal and affirmed the judgment of conviction. (Docket # 9-5 at 1–2.) The Wisconsin Supreme Court denied Baker's petition for review on August 5, 2015. (Answer, Docket # 9-10.) Baker filed a timely petition for writ of habeas corpus in this court on July 26, 2016. (Docket # 1 at 13.)

## STANDARD OF REVIEW

Baker's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) (1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

**ANALYSIS**

Baker raises three grounds for relief in his habeas petition. In ground one, Baker alleges ineffective assistance of trial and appellate counsel. In ground two, Baker alleges his plea was not made voluntarily, knowingly, and intelligently. And in ground three, Baker requests discovery that his trial counsel allegedly failed to request to assist in his defense. I will address each argument in turn.

  1.  *Ineffective Assistance of Trial and Appellate Counsel*

Baker argues that his trial counsel was ineffective for failing to request his medical records from the day of the accident, which would have shown that he had been injected

4

with pain medication and thus could not remember giving blood or making a statement. (Docket # 2 at 1.) Baker argues his trial counsel should have moved to suppress the blood draw evidence and his statement. (*Id.* at 3–6.) Baker entered guilty and no contest pleas in Wisconsin state court. "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." *United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989); *see also Flowers v. Avila*, No. 13-CV-701-WMC, 2013 WL 6148353, at *1 n.3 (W.D. Wis. Nov. 22, 2013) ("A no contest plea is the equivalent of a guilty plea, and waives the right to raise nonjurisdictional defects and defenses, including claimed violations of constitutional rights."). Thus, a guilty plea generally closes the door to claims of constitutional error. There is an exception, however, for instances where one's plea is rendered involuntary due to the ineffective assistance of counsel. *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014). A habeas petitioner "cannot just assert that a constitutional violation preceded his decision to plead guilty or that his trial counsel was ineffective for failing to raise the constitutional claim"; rather, he "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966 (7th Cir. 2013).

Most of Baker's assertions regarding his trial counsel's ineffectiveness stem from errors he alleges counsel made prior to entry of the plea (i.e., failing to request documents, failing to file suppression motions). In *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985), the Supreme Court stated that "the two-part *Strickland v. Washington* test applies to challenges to

5

guilty pleas based on ineffective assistance of counsel." However, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Baker asserts that he entered into a plea agreement because his trial counsel made misrepresentations, coerced him, and frightened him and his family regarding the potential outcome of the case. (Docket # 11 at 14.) Specifically, Baker argues that trial counsel failed to challenge his warrantless blood draw based on the Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. 141 (2013), scared him by telling him that he could get thirty-three years if he went to trial (Docket # 11 at 8), stated that he would lose if he went to trial (Docket # 2 at 6), and told him that he would be offered an earned release program by the judge at sentencing; however, once in prison, he was told that he was not statutorily eligible for the program (Docket # 11 at 14).

Again, whether trial counsel failed to file a motion to suppress his blood draw evidence is an alleged pre-plea incident of ineffective assistance foreclosed by the guilty plea. As to trial counsel's alleged misrepresentation regarding the Earned Release Program, the Wisconsin Court of Appeals acknowledged that the trial court erroneously found him eligible for the Earned Release Program; however, the court of appeals found that the error did not present a potentially meritorious issue for appeal because the court did not rely on Baker's Earned Release Program eligibility in fashioning its sentence. (Docket # 9-5 at 3.)

6

Thus, if this mistake had no impact on Baker's sentence, it is difficult to see how Baker was prejudiced by this error. And while Baker alleges that his counsel scared him and his family regarding the potential outcome of the case, the letter Baker attaches to his motion from his trial counsel does not state that he was facing thirty-three years; rather, it explains his options and informs him that if he accepts a plea, he would be facing five years of initial confinement and five years of extended supervision (which is what he ultimately received). (Docket # 11-1 at 10.)

More importantly, while Baker argues his trial counsel was ineffective, he has not shown that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Baker fails to "demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial," *McMann v. Richardson*, 397 U.S. 759, 772 (1970). Again, "a 'voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary.'" *Evans v. Huibregtse*, No. 09-C-493, 2012 WL 3648098, at *1 (E.D. Wis. Aug. 22, 2012) (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000)). Because Baker has not shown that the plea agreement was the product of ineffective assistance of counsel or tainted by ineffective assistance of counsel, *see Hurlow*, 726 F.3d at 967 (internal quotation and citations omitted), Baker is not entitled to habeas relief on this ground.

Baker also alleges that his appellate counsel was ineffective; however, it appears the basis of Baker's argument is that he disagreed with appellate counsel's decision to file a no-merit report. (Docket # 11 at 9.) As an initial matter, it appears Baker has not exhausted his ineffective assistance of appellate counsel claim. Under Wisconsin law, the proper way to raise a claim of ineffective assistance of appellate counsel is through a petition for writ of habeas corpus in the Wisconsin Court of Appeals, known as a *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992) petition. The respondent asserts that Baker never filed a *Knight* petition (Docket # 14 at 16) and Baker does not counter that assertion. The respondent states, however, that he will waive the exhaustion defense because Baker cannot succeed on the merits of his claim. The respondent argues the very fact appellate counsel used the no-merit process provides, as a matter of law, effective assistance of counsel. (*Id.* at 18.) This is inaccurate. The use of Wisconsin's no-merit process does not foreclose a claim for ineffective assistance of appellate counsel on habeas review. A petitioner could claim, for example, that his appellate counsel was ineffective for failing to raise trial counsel's errors in the no-merit report. *See Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Then, to succeed on that claim, the petition would need to demonstrate that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised and that prejudice flowed from that failure. *Id.* But the problem here is that not only did Baker fail to raise his ineffective assistance of appellate counsel claim in state court through a *Knight* petition, Baker does not articulate on what grounds he believes his appellate counsel was ineffective,

beyond disagreeing with counsel's decision to file a no-merit report. For these reasons, Baker is not entitled to habeas relief on this ground.

   2.   *Knowing and Voluntary Plea*

Baker asserts that while his plea was "maybe voluntarily" made, it was not made knowingly and intelligently because he had "no idea what [was] happening." (Docket # 1 at 7.) A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). "Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense." *Id.*

The trial judge read Baker the charges from his plea form and Baker pleaded no contest to one count of causing great bodily harm while operating a motor vehicle with a detectable amount of a controlled substance and pleaded guilty to one count of knowingly operating while suspended causing great bodily harm. (Docket # 9-11 at 3–4.) The judge asked and Baker confirmed that: he was not forced to enter the pleas; he was not promised anything to enter the pleas; he signed the plea questionnaire form; he signed the written plea agreement; he reviewed the documents with counsel prior to signing them; he understood the documents; he was 59 years old and had 16 years of education; he could read, write, and understand English; he understood the two charges against him; he was not under the influence of anything; and he was not being treated for mental illness. (*Id.* at 4–5.)

9

The trial judge then went through the elements of each offense and asked whether Baker understood them, which he confirmed that he did. (*Id.* at 5–7.) The trial judge explained, and Baker acknowledged, that he understood he was giving up his right to a jury trial and that he faced the maximum penalties on the charges and what those maximum penalties were. (*Id.* at 8–10.) The trial judge then asked again whether he needed more time to decide whether to plead and allowed Baker additional discussion time with his counsel. (*Id.* at 10.)

In addressing whether Baker's plea was knowingly, voluntarily, and intelligently made, the court of appeals found that the trial court engaged in a colloquy with Baker that satisfied the requirements of Wisconsin law, except for the fact that the trial court failed to provide the deportation warning as required by Wis. Stat. § 971.08(1)(c). (Docket # 9-5 at 2.) However, the court of appeals further found there was no indication that Baker's pleas were likely to result in his deportation, exclusion from admission to this country, or denial of naturalization. (*Id.*) The court of appeals further found that Baker signed a plea questionnaire and waiver of rights form that set forth the elements of the offenses. (*Id.* at 2–3.)

Baker does not argue that the court of appeals' conclusion was either contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Rather, he argues that his plea was not entered knowingly, intelligently, and voluntarily because his defense counsel was ineffective throughout the proceedings and the state and defense counsel

provided him with false information. (Docket # 9-3 at 20.) The record demonstrates that the trial judge engaged in a very thorough colloquy with Baker, who never indicated any lack of understanding or consent to enter the pleas. The court of appeals' conclusion that this issue lacked any arguable merit does not contravene federal law or unreasonably determine the facts in light of the evidence. Thus, Baker is not entitled to habeas relief on this ground.

   3.   *Request for Discovery*

Finally, Baker asks that evidence (specifically his emergency room medical records from the day of the accident) be admitted so that he can "use them in [his] defense." (Docket # 1 at 8.) Habeas relief is only available to a person in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Baker's request for discovery is not a cognizable claim for habeas relief. Thus, Baker is not entitled to habeas relief on this ground.

**CERTIFICATE OF APPEALABILITY**

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate

11

to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not find it debatable that Baker is not entitled to habeas relief as to any ground alleged in his petition. Thus, I will deny Baker a certificate of appealability. Of course, Baker retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.


Dated at Milwaukee, Wisconsin this 26th day of November, 2018.


BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge